The next argument will be in Singh v. Garland, No. 18-3689. This one will be on the video. Mr. Ahmed, whenever you're ready. Yes. Good morning, Your Honors. May it please the Court, this is Anas J. Ahmed for Petitioner. You're muted. We can't hear you. That's better. We can hear you now. Okay. Good morning, Your Honors. This is Anas J. Ahmed. May it please the Court, representing Petitioner Mr. Singh. The case in which Mr. Singh credibly testified and presented his corroborative asylum claim, establishing past persecution and a well-founded fear of future persecution based on threats to his life and the two attacks he suffered due to his political opinion at the hands of the Indian government vis-à-vis the ruling Congress Party Indian police. The issue in this case is whether the agency of wrongly held Mr. Singh incredible due to collateral omissions for specific medical treatment he received that was already in the record, not for inconsistencies directly related to events in his claim of persecution. When taken under the totality of circumstances, Mr. Singh has been consistent with the record and his asylum application. Mr. Singh was consistent. There weren't any discrepancies between his testimony and the medical records, just mere omissions, which is testimony that are too weak to hold him incredible under this Court's precedent when taken under the totality of the circumstances. The agency has infringed precedents set by this Court. Using mere omissions in Mr. Singh's testimony, we find him adversely credible. The fact that he's not able to detail every single part of the treatment he received subsequent to the attack while he's undergoing treatment is not inconsistent. It's already in the medical record. He stated parts of it, and he could not remember the entire plethora of medicine that he was given subsequent to the first attack and subsequent to the second attack. The issue that I.J. raised was the confusion between the petitioner pointing to his shin or to his right leg and DHS counsel asserting that he was pointing to his shin. Not once in the hearing did Petitioner Mr. Singh say that he was hit on his shin. It was the DHS counsel seven times on pages 97, 98, 99, 102, intimidating that Petitioner was pointing to his shin as opposed to his right leg in terms of where he was hurting. Even arguendo, if it is believed that Petitioner Mr. Singh was pointing to his shin instead of the dorsal side of his leg, this is an omission. This is a mere omission with his medical record. Just as in Gao and Xiao where there was a collateral omission, here is the same case where the medical record may not have stated that he was feeling pain or hurt on his shin, but he was hurt on the dorsal side of his leg. Counsel, is there a reason that the medical records weren't compiled until six years after the events at issue? Yes, Your Honor. As Mr. Singh explained, he was unaware that he would need the medical records during the time he was given medical treatment. That's why they're not contemporaneous. But when he was advised that he would require them for his asylum case, he was able to procure them, and they were made from contemporaneous medical records from that time, from six years prior, and he was given those medical records, Your Honor. Are you saying – I didn't quite understand what you're saying. Are you saying that the medical records were compiled when he needed it for this litigation, for his application? The medical records that Petitioner Mr. Singh submitted to the court were compiled six years after, but they were based upon medical records that the hospital already had that were done contemporaneously at the time in 2011. If there were documents that were contemporaneous, why were those not submitted? As Mr. Singh explained, those are the documents that he was able to procure from the hospital at that time. They weren't able to give him the ones that were made contemporaneously. Where was the hospital? It was in India, in Punjab, Your Honor. One of the hospitals for his sentence was the Gore Hospital, and for the first incident, it was the civil hospital in Golo, Your Honor. Thank you. Additionally, there weren't any explicit inconsistencies that the agency wouldn't be able to hold on. It's just between his medical treatment and what he testified at court in terms of his medical treatment. But this was already a part of the record inside of his – in the medical records. There's no way that the agency can put an owner's burden upon Petitioner to be able to specify in detail every single step of the medical procedures, medical treatment that he received subsequent to the attack where he was already medicated. During the first attack, he was under Valium, which would befuddle anyone. And as stated in the medical records, the first time, he was very scared. He was under duress. For him to recall every single step of his treatment is very onerous and is unreasonable to expect of Petitioner, Your Honor. The only one explicit alleged inconsistency the immigration judge was able to note was just between whether or not Petitioner said he was hurt on the shin or, as stated in the medical record, just on the dorsal side of his leg. This is a mere omission at its worst. And at its best, it's the DHS counsel putting that testimony in Petitioner's mouth by stating that he was hurt on the shin when Petitioner was pointing to his right leg. Are there any other questions, Your Honors? No, thank you, Counsel. You've reserved two minutes for rebuttal. Yes, Your Honor. Ms. Kamani? I was just going to suggest that you might mute while we were listening to your adversary. It probably will help with feedback that we're getting. Ms. Kamani? Good morning, Your Honors. May it please the Court, Neil Kamani on behalf of the U.S. Attorney General. Substantial evidence supports the agency's adverse credibility determination in this case, and this Court should therefore deny Mr. Singh's petition for review. Here, the immigration judge provided specific, cogent reasons for denying – for finding Mr. Singh not credible. In particular, the immigration judge observed that when testifying on direct examination about his political activism, Mr. Singh displayed no hesitation or memory issues and testified consistently with his written statement. In contrast, during his testimony on cross-examination, which questioned him about aspects of his claim outside the scope of direct testimony and his written statement, Mr. Singh became evasive, nonresponsive, hesitant, and inconsistent. This change in demeanor when questioned about the injuries sustained and the medical treatment received after his two encounters with the opposition party were pivotal and undermined his credibility. Now, he blamed his inconsistencies on the stress and anxiety of the experience, but the immigration judge noticed that he blamed memory issues on anything else, and he ate to testify consistently about those aspects that were in his written statement. This Court has held, as indicated in Respondent's brief, Counsel, I'm trying to ask you a question. Is there anything unusual or suggestive of dishonesty in testifying more rapidly and unhesitatingly when you're testifying to something that you expect to testify about, a testimony that you've prepared, as opposed to when you're being asked questions which you don't know what questions are coming? Isn't it normal to be more hesitant about answering questions that you don't expect as opposed to delivering testimony that you've prepared? Now, as to evasive, I'm sorry, but I haven't seen anything in the testimony that seems to me to be evasive. He's unclear about certain matters that he doesn't remember or finds it difficult to answer in the manner in which counsel was trying to pin him down to. But that's not being evasive. That's, I mean, one understandably evades trying to be pinned down to something that is not your testimony. It wasn't, I understand that Petitioner's counsel has characterized it as being pinned down, but the record shows that he was pinned down. He pointed to his right leg. And even if he didn't and he meant his whole – He pointed to his right leg, exactly. – and shown the, or made aware – He pointed to his right leg. I'm sorry, Your Honor. He pointed to his right leg is what you said. And his testimony was inconsistent, and so were the hospital records, that his right leg suffered bruises and injuries. So at no point correct the referring to the shin of his leg. But the board acknowledged that even if this was a translation error, communication error, there were enough other inconsistencies, because at that point, once he realized that he was testifying differently from his medical records, his testimony became very much, I don't remember. The stress and anxiety of the situation, I don't remember. He would not confirm his answers. When asked, were you examined by doctors? Perhaps. Okay. Were you given any treatment? Perhaps. No. He became very – he would not give direct answers. They were very vague answers in order so that he could not be pinned down to his answer. And now, opposing counsel, petitioner's counsel keeps referring to all of this as omissions. The immigration judge did not characterize these as omissions. The immigration judge characterized these as inconsistencies between his testimony and the documentary evidence that he submitted. And the immigration judge very much relied on his demeanor. The immigration judge characterized his testimony as scripted when questioned on direct examination and when he was not able – and when on cross-examination, when he was questioned on aspects outside of what he was questioned on before, his demeanor changed significantly. And as this Court has held repeatedly, the immigration judge is in the best position to observe those changes. Overall, the totality of the circumstances support the immigration judge's adverse credibility determination, which the Board affirmed, between the changes in demeanor and inconsistencies between his testimony and his own evidence that he submitted that were pivotal to his claim of persecution. The immigration judge did not engage in speculation. The immigration did not misstate the facts contained in the record. Rather, the immigration judge cited specific cogent reasons that are supported by the record in finding Mr. Singh not credible. If the Court has no further questions, then respond and respectfully request that the petition be denied. Thank you, Counsel. Thank you, Your Honors. Mr. Ahmed, you have two minutes remaining for rebuttal. You better unmute. Unmute. Can't hear you. Sorry about that, Your Honors. Contrary to what Government Counsel is asserting, the crux of Mr. Singh's claims of persecution were not based upon hospitalizations but upon the persecution that he endured at the hands of the Indian government. Vis-a-vis the ruling Congress Party and the Indian police. And them threatening his life, assaulting him on two occasions, illegally detaining him, and killing two of his associates in assassinations during his second attack. In regards to his alleged evasiveness, the IJ misidentified the trauma that Mr. Singh was going through in recounting the events that he suffered life-threatening harm as being evasive, unresponsive, and hesitant. Because contrasted with him recounting events that he took pride in, as such as in joining the Mon Party, it's self-evident why Mr. Singh's testimony recounting party activities would be more fluid than recounting the medical treatment as the latter with subsequent life-threatening events and assaults. That's the reason why he may have seemed allegedly evasive or unresponsive or taking a moment to give an answer. But even the answers that the agency was eliciting were just in terms of his medical treatment. They were not inconsistencies. The fact that he made omissions from the detailed medical record, instead of detailing every single medical treatment that he received from the medical record, he stated that I was given medication somewhat oral. He is unable to name the five oral medications that he was given, as any layman would be unable to elicit that type of information to the judge. He stated that he was bandaged. That's stated in the medical record. So the IG can't use Mr. Singh's inability to recount specific details in every step in his treatment as being inconsistent when it's just a collateral omission from his medical record. He's been consistent under the totality of the circumstances when taken with the record as a whole. The omission-based adverse credibility in this case is more egregious than in Gao v. Shao because here at least the omissions are already part of the record. They're not being supplemented to the record during testimony. During testimony, these were omitted from his testimony. These omissions are wholly insufficient to support an adverse credibility determination by virtue of this court's law under the totality of circumstances, Your Honors. Mr. Singh was credible, and his omissions during his testimony were collateral to his claim of persecution. And any alleged inconsistencies, which we can count on our hand, which are, one, whether when he pointed to his right leg, was he pointing to his shin or his right leg, whether him not stating that he was given two injections is inconsistent with his medical record when it's just an omission during his testimony, and whether him being unable to name the five-plus oral medications that he was given, which one was value, whether he was inconsistent in not being able to state those five medications. Unless the Court has any further questions, Your Honor, we would rest on our briefs. Thank you both. We'll take the case under advisement. Thank you, Your Honor.